UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RAMON LOPEZ,

              Plaintiff,

            - against -

ANDREW CUOMO, New York State Governor;
ANTHONY J. ANNUCCI, Acting Commissioner
DOCCS; JOHN DOE, Parole Bureau Chief at the
DOCCS,

              Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-5323 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Plaintiff Ramon Lopez, a parolee currently under New York State Department of Correction and Community Supervision ("DOCCS"), brings this *pro se* action under 42 U.S.C. § 1983 alleging that his constitutional rights are being violated. Lopez's application to proceed *in forma pauperis* is granted. For the reasons discussed below, Lopez's claims against Governor Andrew Cuomo and Anthony J. Annucci, Acting Commissioner of the New York State Department of Corrections and Community Supervision are dismissed. Lopez is granted thirty (30) days leave to file an amended complaint as to the Parole Bureau Chief at the DOCCS.

## BACKGROUND

    On August 19, 2016, Lopez was released from custody and placed under DOCCS sex offender parole supervision in Brooklyn, New York. (Compl. (Doc. No. 1) at 2–3.)[1] At that time, Lopez "signed his Certificate of Release to Parole Supervision," which stipulated various conditions that he must follow. (*Id.*) The stipulation stated, *inter alia*, that he must:

> 'seek, obtain, and maintain employment and/or an academic/vocational program,
> . . . not use the internet to access pornographic material, access a commercial social
> networking website, communicate with other individuals or groups for the purpose

---
[1] For ease of reference, citations to Court documents utilize the Electronic Case Filing System ("ECF") pagination.

of promoting sexual relations with persons under the age of 18 . . .' and 'not own, use, possess, purchase or have control of a computer, computer related material, electronic storage devices, communication devices, and/or the internet, unless [he] obtain[s] prior written permission from the Parole Officer.'

(*Id.* at 3.) On September 13, 2016, Lopez was reassigned to Parole Officer Duquesnay and given additional parole stipulations to sign. (*Id.* at 4.) Two days later, on September 15, 2016, Lopez was offered employment as a paralegal at a law firm. (*Id.*) However, on September 20, 2016, Parole Officer Duequesnay advised him that her supervisor instructed that Lopez "could not obtain a job 'where people's personal information is involved.'" (*Id.*) That same day, Parole Officer Duequesnay told Lopez's prospective employer that Lopez will go to jail if he takes the position. (*Id.*)

In the instant action, Lopez alleges that the "arbitrary and capricious determination not to allow plaintiff his right to choose his profession, freely associate with family and friend, research, and educate himself via the internet, or obtain a smart phone with video and camera capabilities as part of society's social norm violated his constitutional rights." (*Id.* at 6–7.) Although Lopez refers to Parole Officers George and Duquesnay in the body of the complaint, they are not named as defendants. Lopez seeks money damages and injunctive relief. (*Id.* at 7.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

## DISCUSSION

In order to maintain a § 1983 action, Lopez must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* "Section 1983 itself creates no substantive rights, [but it] provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

In a civil rights action, a plaintiff must demonstrate the defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991). Moreover, a plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, Lopez's claims against Governor Andrew Cuomo and Acting Commissioner Annucci fail because he does not sufficiently allege that they had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of his civil rights to make them liable under § 1983. (*See generally* Compl.)

In addition, there is no *respondeat superior* or vicarious liability under § 1983. As a consequence, liability under § 1983 cannot be imposed on a supervisor solely based on his position. *See, e.g.*, *Iqbal*, 556 U.S. 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane,* 341 F.3d 137, 144 (2d Cir. 2003); *Hurdle v. Pagnotta*, No. 16-CV-4186 (BMC), 2016 WL 4186974, at *2 (E.D.N.Y. Aug. 5, 2016). Here, Lopez's claims against Governor Andrew Cuomo and Acting Commissioner Annucci can only be supported on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to Section 1983 actions. (*See generally* Compl.)

Accordingly, the claims against Governor Andrew Cuomo and Acting Commissioner Annucci are dismissed. The Court grants Lopez 30 days leave to amend his claim against John Doe, Parole Bureau Chief at DOCCS, to demonstrate how this individual was personally involved in the alleged deprivation of his constitutional rights.

## CONCLUSION

Accordingly, all claims against Governor Andrew Cuomo and Acting Commissioner Annucci are dismissed. 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

In light of this Court's duty to liberally construe *pro se* complaints, Lopez is given thirty (30) days leave to file an amended complaint against John Doe, Parole Bureau Chief at the DOCCS, and to name the individual parole officers who allegedly violated his rights. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Lopez is directed that his amended complaint must comply

with Rule 8(a) of the Federal Rules of Civil Procedure and include all relevant dates. Should Lopez elect to file an amended complaint, he must set forth factual allegations to support his claim against each individual and describe how they were each personally involved in the alleged deprivation of his constitutional rights. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Lopez fails to amend the complaint, it shall be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Lopez and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
       June 20, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge